IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEFFREY RYAN KELLY                                                              PLAINTIFF

v.                                         Civil No. 5:22-cv-05175

MADISON COUNTY PUBLIC
DEFENDER'S OFFICE                                                               DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Jeffrey Ryan Kelly ("Kelly"), pursuant to 42 U.S.C. § 1983. Kelly proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.     BACKGROUND**

Kelly is currently incarcerated in the Carroll County Jail located in Berryville, Arkansas. (ECF No. 1 at 1-2). According to the allegations of the Complaint, from February 28, 2022, to the present day, the Madison County Public Defender's Office has been denying Kelly his right to legal representation and have violated the provisions of the Speedy Trial Act. *Id.* at 4. Kelly alleges that Judge Ramsey "ordered legal representation and Madison County Public Defender's Office has failed to contact [Kelly] at all for almost six months." *Id.* He alleges that a motion

1

for a speedy trial should have been filed and his case already heard. *Id.*

For relief, Kelly asks for compensatory damages. (ECF No. 1 at 9). Additionally, Kelly asks that his trial be advanced on the docket and that he be reimbursed for the length of his incarceration. *Id.*

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

42 U.S.C. § 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Kelly has sued the Madison County Public Defender's Office in its official capacity.  The State of Arkansas created the Arkansas Public Defender Commission and a state-wide system of public defender offices.  *See* Ark. Code Ann. §§ 16-87-202, *et seq*.  The State pays the salaries of the public defenders and their support staff.  Ark. Code Ann. § 16-87-301.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States."  U.S. Const. amend XI.  "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent."  *Frew ex re. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the state itself."  *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989) (citation omitted).

3

"Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene*, 948 F.2d 489, 492 (8th Cir. 1991) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney*, 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against the Madison County Public Defender's Office are, therefore, barred by the Eleventh Amendment.

Further, it would be futile to allow Kelly to amend his complaint to name the public defender assigned to his case. It is well settled that a public defender is not considered a state actor for purposes of § 1983 litigation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings).

## IV.   CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for

4

purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and,

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE